IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEWART LIGGON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civ. No. 12-827-RGA |
| BANK OF AMERICA MORTGAGE, | : | |
| Defendant. | : | |

Stewart Liggon, Elizabeth Liggon, Minors S, D & K, Voorhees, New Jersey, Pro Se Plaintiffs.

**MEMORANDUM OPINION**

September 24, 2012
Wilmington, Delaware

*signature*
ANDREWS, U.S. District Judge:

Plaintiffs Stewart Liggon, Elizabeth Liggon ("Liggon"), and Minors S, D & K ("Plaintiffs") filed this action pursuant to 28 U.S.C. § 1332 asserting jurisdiction by reason of diversity of the parties and discrimination in the mortgage loan process. They appear *pro se* and Elizabeth Liggon has been granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

Liggon has prepared the pleadings before the Court. Plaintiffs allege discriminatory acts during the "mortgage loan process, mortgage refinance process, modification process, trespassing and stealing Plaintiffs' belonging from home." (D.I. 2.) They seek retention of their home "free and clear, replacement of all property stolen." (*Id.*) In addition, Liggon recently filed a motion for emergency injunctive relief. (D.I. 7).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. See *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Liggon leave to amend the complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The

2

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Liggon proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The Complaint contains scant, vague, and conclusory allegations. The Complaint does not indicate where the real estate at issue is located, who owns the real estate, what took place to cause Liggon to allege "discrimination" in a conclusory manner, or when the alleged discriminatory conduct took place. The Complaint as it is now pled fails to meet the pleading requirements of *Twombly* and *Iqbal*.

Similarly, Liggon failed to provide sufficient information for this Court to determine if injunctive relief is appropriate. Four factors govern the Court's decision whether to issue a preliminary injunction. To obtain an injunction, Plaintiffs must demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002). If these two threshold showings are made then the Court considers, to the extent relevant, (3) whether an injunction would harm Defendant more than denying relief would harm Plaintiffs and (4) whether granting relief would serve the public interest. *Id.* Liggon has not

3

demonstrated that injunctive relief is appropriate. Therefore, the Court will deny the motion (D.I. 7).

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an Amended Complaint and to cure any pleading defects. The Court will deny the Motion for Emergency Injunctive Relief (D.I. 7).

An appropriate order will be entered.