IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEWART LIGGON, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 12-827-RGA |
| BANK OF AMERICA MORTGAGE, | : |
| Defendant. | : |

Stewart Liggon, Elizabeth Liggon, and Minors S, D & K, Voorhees, New Jersey. Pro Se Plaintiffs.

Kimberly E. Connolly Lawson, Esquire, Reed Smith LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

October 21, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Elizabeth Liggon ("EL") filed this action pursuant to 28 U.S.C. § 1332 asserting jurisdiction by reason of diversity of the parties and discrimination in the mortgage loan origination and modification process. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6.) On September 24, 2012, the Court dismissed the complaint for failure to state a claim upon which relief may be granted and gave Plaintiffs leave to amend to cure the pleading defects. EL filed an amended complaint (D.I. 11) on October 9, 2012 on behalf of herself, her son Stewart Liggon ("SL"), and her grandchildren Minors S, D, and K. On April 26, 2013, Defendant Bank of America, N.A. filed a motion to dismiss. (D.I. 16) EL opposes the motion and filed a combined opposition to the motion to dismiss and motion for summary judgment (D.I. 17, 18), followed by a second motion for summary judgment. (D.I. 21) Defendant opposes EL's motion for summary judgment.

EL filed the amended complaint on behalf of Plaintiffs and is the only plaintiff to sign it. SL owns the home at 7 Greenwich Court in Newark Delaware. The amended complaint alleges that SL was discriminated against by Countrywide in the mortgage origination process by reason of race and disability because his large down payment should have protected him from the high interest rate he was given and "other illegal things they did to him to set him up to fail." The amended complaint goes on to allege that Defendant continued with the illegal practices and gave SL an even higher mortgage payment during the loan modification process, once again setting him up to fail. When SL tried to correct the modification, he was given the run around for over two years until Plaintiffs were forced to file a complaint with the Comptroller of the

Currency. In retaliation Defendant began foreclosure proceedings until Plaintiffs wrote to the President of the United States.

Exhibit D, attached to the amended complaint, indicates that SL and non-party Yolanda C. Liggon executed a mortgage to secure the property at 7 Greenwich Court in Newark, Delaware. The account was paid through the July 2010 installment and, as of August 17, 2012, was in default under the terms of loan documents. As of August 17, 2012, the account had not been referred to the foreclosure department and there had been no foreclosure sale. On June 25, 2012, the property was deemed vacant having last been occupied in February 2011, and on July 14, 2012, Defendant performed an inspection and verified that no locks were changed.

EL alleges that Defendant trespassed and stole equipment from the premises, shut off the utilities, changed the locks and locked Plaintiffs out of their home. The amended complaint further alleges that Defendant is not complying with the terms of a consent decree it entered into on April 4, 2012 in *United States of America v. Bank of America Corp.*, Civ. No. 12-361-RMC at D.I. 11 (D.D.C. Apr. 4, 2012). Plaintiffs seek punitive and compensatory damages, retention of the home "free and clear" and replacement of all property stolen.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the amended complaint fails to state a claim upon which relief may be granted, the claims are time-barred, and EL lacks standing to assert the claims. EL opposes the motion and moves for summary judgment.

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most

favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

3

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Defendant argues that the amended complaint fails to state a claim upon which relief may be granted. Conversely, EL argues that it does.

The amended complaint alleges discrimination by reason of race and disability, but does not indicate under which statute Plaintiffs proceed. It may be that Plaintiffs seek relief under the Fair Housing Act pursuant to 42 U.S.C. § 3605 which makes it unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction . . . because of race, color, religion, sex, handicap, familial status, or national origin." *Id.* at § 3605(a). To state a claim under § 3605, Plaintiffs must show that: (1) they were members of a protected class; (2) they were attempting to engage in a "residential real estate-related transaction" with Defendant and met all qualifications for doing so; (3) Defendant refused to transact business with them despite their qualifications; and (4) Defendant continued to engage in this type of transaction with other parties who had similar qualifications. *See Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003).

The amended complaint contains vague allegations. For example, it alleges that SL was discriminated against based upon race and disability, but fails to describe SL's

race or his disability. However, in EL's opposition, she states that Plaintiffs are African American and that SL was a disabled child and is a disabled adult who is dyslexic.

Nor do the allegations allege that Defendant refused to transact business with SL. Rather the allegations allude to transactions with him, albeit not to EL's liking. Finally, there is no indication in the amended complaint that EL or the Minors attempted to engage in real estate transactions with Defendant and that they met all the qualifications. Consequently, as currently pled, the amended complaint fails to state a claim under § 3605.

In the alternative, Defendant moves for dismissal on the grounds that Plaintiffs' claims are time-barred. EL argues that Defendant's illegal and discriminatory behavior never stopped and continues to date. Plaintiffs filed their lawsuit on June 27, 2012.

To bring a claim under 42 U.S.C. § 3605 of the Fair Housing Act, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Defendant argues that SL executed and delivered the note and amended note in 2007 and, therefore, any discrimination would have ended at that time. Defendant further argues that SL's loan was modified on April 8, 2010, that being the last possible day that discrimination allegedly could have occurred.

The statute of limitations for certain discrimination claims, including those under the Fair Housing Act, can be effectively extended under the "continuing violation" theory, whereby the plaintiff claims, not just an isolated violation, but an ongoing policy of discrimination which extend into the limitations period. *See Havens Realty Corp. v.*

5

*Coleman,* 455 U.S. 363, 381 (1982). Where there are continuing violations that give rise to a claim of a discriminatory policy, the statute of limitations period does not begin to run until the end of the "last asserted occurrence" of a discriminatory policy. *See Havens Realty Corp.,* 455 U.S. at 363; *but see National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114-15 (2002) (holding that a "continuing violation" must involve a discriminatory practice, not serial discrete acts).

Construing the amended complaint liberally, as the Court must, the only possible act that may not be time-barred is the claim that Defendant broke into the home and took items. It is unclear from the amended complaint when that allegedly occurred. Regardless, even if the claim is not time-barred, as discussed above, the allegations fail to state a claim upon which relief may be granted.

Finally, Defendant moves for dismissal on the grounds that neither EL nor the Minors are aggrieved person to have standing to pursue the claims in this suit. It argues that EL has no relationship with it and she has not alleged that she is her adult son's legal guardian or that she has any other legal basis to commence an action on his behalf. EL contends that she has standing and recently filed a copy of SL's general power of attorney to her.

"The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

6

The amended complaint refers to actions taken by Defendant during transactions with SL in the mortgage loan and loan modification process. The allegations in the amended complaint and its attached exhibits do not indicate that EL was a party to those transactions. Accordingly, as currently pled, EL does not appear to have standing to raise the claims in the amended complaint.

Additionally, as a non-attorney, EL may not represent SL and the Minors. The power of attorney given by SL to EL does not give her the authority to pursue this action on his behalf. Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action *pro se* with plaintiff's limited power of attorney. *Harris v. Philadelphia Police Dep't*, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006). Indeed, a non-lawyer with a power of attorney is not permitted to represent her family members in court. *See Osei-Afriyie v. Medical Coll. of Pa.*, 937 F.2d 876, 882-883 (3d Cir. 1991). It does not appear that EL is a Delaware-licensed attorney and, therefore, she cannot represent or file documents on behalf of other individuals even if the other individuals are her son and/or grandchildren.

For the above reasons, the Court will grant Defendant's motion to dismiss. (D.I. 16) EL's motions for summary judgment (D.I. 18, 21) will be dismissed without prejudice as premature. Plaintiffs will be given one final opportunity to cure any pleading defects. EL is forewarned that she may not represent anyone other than herself.

An appropriate order will be entered.